UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

AILEEN ORMSBY, *et al.*,

Plaintiffs,

v.

CASE NO. 3:19-CV-626-DRL-MGG

NEXUS RVS, LLC, *et al.*,

Defendants.

**OPINION and ORDER**

Before the Court is a flurry of filings and motions resulting from the parties' efforts to finalize the pleadings in this case. The parties' labyrinthine procedural efforts have unnecessarily complicated and delayed progress in this case contrary to their obligation to use the Federal Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. To start unraveling the procedural Gordian knot created by the parties, the Court now resolves Defendants' two motions to strike [DE 34 & DE 36] and Plaintiffs' motion to amend the complaint *nunc pro tunc* [DE 45].

**I.    PROCEDURAL HISTORY**

On August 14, 2019, Plaintiffs launched this case filing their original Complaint against Nexus RVs, LLC ("Nexus"), Rowley RV, LLC ("Rowley"), and David Lint ("Lint"). [DE 1]. Through a letter dated September 25, 2019, Plaintiffs' counsel learned from Rowley's counsel that Rowley was not a proper party and asked that the Complaint be amended to remove Rowley as a defendant. [DE 41-1]. On September 30,

2019, Plaintiffs then filed their First Amended Complaint removing Rowley and adding Rowley White RV, LLC ("Rowley White") as a defendant. [DE 12]. No other amendments were made to the original Complaint.

In response to Plaintiffs' First Amended Complaint, Nexus and Lint jointly filed a Motion to Dismiss for failure to state a claim on November 15, 2019. [DE 27]. On the same day, Rowley White filed its Motion to Dismiss for lack of jurisdiction and improper venue. [DE 29]. Rowley White's Motion to Dismiss alternatively asked the Court to transfer this case to the District of Arizona for the convenience of the parties and in the name of justice. [DE 29].

On December 3, 2019, which was nineteen days after the filing of the Defendants' motions to dismiss, Plaintiffs filed their Second Amended Complaint. [DE 31]. Plaintiffs did not file any other response to either motion to dismiss before the deadline for such responses. Through a footnote at the beginning of their Second Amended Complaint, Plaintiffs invoked Fed. R. Civ. P. 15(a)(1)(A) and N.D. Ind. L.R. 7-1(d)(2) to justify filing the amended pleading rather than briefs in response to the motions to dismiss. Plaintiffs also stated that their "Second Amended Complaint has been amended to include paragraphs 11 through 14 and amended paragraph 22, which addresses and renders moot the issues raised in Defendants' motions to dismiss . . ." [DE 31 at 1, n.1].

On December 9, 2019, Rowley White then filed a Notice reporting that Plaintiffs' Second Amended Complaint was filed "in an effort to make [Rowley White's] Motion to Dismiss moot," presumably based upon Plaintiffs' footnote, and that Plaintiffs had not addressed or otherwise responded to the Alternative Motion to Transfer

2

incorporated into that Motion to Dismiss. [DE 32]. Accordingly, Rowley White asked the Court to summarily grant its allegedly uncontested, Alternative Motion to Transfer venue, but without addressing its primary Motion to Dismiss.

On December 10, 2019, Plaintiffs quickly responded by filing a Memorandum in Opposition to Rowley's White's Notice. [DE 33]. In their Memorandum, Plaintiffs argued that the Second Amended Complaint did in fact address the issues raised through the Motion to Dismiss and the Alternative Motion to Transfer. Plaintiffs also noted that "Rowley White appears to have abandoned both the personal jurisdiction argument and part of its venue arguments" included in the Motion to Dismiss. [DE 33 at 2]. Plaintiffs then argued that Rowley White's Notice amounted to a concession that the Second Amended Complaint had resolved the personal jurisdiction and venue issues raised in the Motion to Dismiss before they presented a developed argument against transfer.

Before the Court could respond to the unusual Notice and subsequent Memorandum in Opposition, Rowley White complicated matters further on December 13, 2019, by filing its Motion to Strike the Second Amended Complaint as well as Plaintiffs' Memorandum in Opposition. [DE 34]. Alternatively, Rowley White sought an extension of time to file an answer or otherwise responsive pleading to the Second Amended Complaint. Rowley White attacked Plaintiffs for filing their Second Amended Complaint without leave of court. Rowley White also argued that Plaintiffs' amendments regarding personal jurisdiction are futile, referencing its Motion to Dismiss in support.

3

Not to be left out, Nexus and Lint jointly filed their own Motion to Strike the Second Amended Complaint on December 16, 2019. [DE 36]. Nexus and Lint argue that the Second Amended Complaint should be stricken simply because Plaintiffs' right to amend its pleading as a matter of course was extinguished when they filed their First Amended Complaint. As such, Nexus and Lint conclude that the Second Amended Complaint was improperly filed without leave of court as required under Fed. R. Civ. P. 15(a)(2).

Both motions to strike became ripe on January 2, 2020, when reply briefs were filed. The Court was not given time to resolve these newly ripe motions to strike before Plaintiffs decided to tackle their apparent pleadings deficiency with another procedural strategy.

On January 10, 2020, Plaintiffs filed their Motion for Leave to File Second Amended Complaint Nunc Pro Tunc ("Motion to Amend"). [DE 45]. Plaintiffs contend that if their Second Amended Complaint was improperly filed without leave of court, it was still filed in good faith in reliance on Rule 15(a)(1)(B) and any error was due to excusable neglect. Therefore, Plaintiffs ask for leave—if necessary—to file their Second Amended Complaint. Defendants object on grounds that (1) the Motion to Amend is premature before the motions to strike are resolved; (2) nunc pro tunc relief is not implicated here; and (3) the amendments related to personal jurisdiction are futile. The Motion to Amend became ripe on January 28, 2020, after being fully briefed.

To resolve the Defendants' Motions to Strike and Plaintiffs' Motion to Amend, the Court must determine (1) whether Plaintiffs' Second Amended Complaint was

4

properly filed as a matter of course, or alternatively, whether Plaintiffs should be granted leave of court to file the Second Amended Complaint; and (2) whether Plaintiffs' Memorandum in Opposition constitutes an untimely response to Rowley White's Alternative Motion to Transfer. Like the mythological Minotaur, this Court will address, in turn, each motion related to the procedure maze constructed by the parties.

## II.   ANALYSIS

At the heart of the Motions to Strike and the Motion to Amend is Fed. R. Civ. P. 15(a). Under Rule 15(a)(1),

> [a] party may amend its pleading once as a matter of course within:
>
>> (A) 21 days after serving it, or
>>
>> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

This right to amend once as a matter of course can increase judicial efficiency by eliminating the need for the Court to decide one of the designated Rule 12 motions or reducing the number of issues to be decided. Fed. R. Civ. P. 15(a)(1) advisory committee's note to 2009 amendment. However, all other amendments to the pleadings can only be made "with the opposing party's written consent or the court's leave," which should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2).

### A.   Motions to Strike Second Amended Complaint

Plaintiffs contend that, consistent with Rule 15(a)(1) and its purpose, their Second Amended Complaint was filed without consent of the opposing parties or leave

of court in a good faith attempt to either eliminate or reduce the issues related to personal jurisdiction and the alternate motion to transfer raised in Rowley White's Motion to Dismiss. Yet Plaintiffs misunderstood the extent of their right to amend as a matter of course under Rule 15(a)(1).

First, despite Plaintiffs' contention to the contrary, the First Amended Complaint was filed as a matter of course on September 30, 2019, under Fed. R. Civ. P. 15(a)(1)(A). Plaintiffs note that they had consent from Rowley, when it was still a defendant, to file the First Amended Complaint to support their contention that they did not use their right to a single amendment as a matter of course at that time. However, Plaintiffs lacked Nexus's and Lint's consent to file the First Amended Complaint. Therefore, the First Amended Complaint was properly filed as a matter of course within 21 days of service on Rowley White under Rule 15(a)(1)(A). [*See* DE 11 at 2 (establishing service of Rowley White's statutory agent on September 11, 2019)]. Accordingly, Plaintiffs used their right to amend once as a matter of course when they filed the First Amended Complaint.

Second, even if Plaintiffs had filed the First Amended Complaint with consent of the opposing parties under Rule 15(a)(2), their right to amend as a matter of course was still extinguished when they filed their First Amended Complaint. In *Rodgers v. Lincoln Towing Serv., Inc.*, the plaintiff used his single opportunity to amend as a matter of course when he filed his first amended complaint making technical amendments requested by the district court judge. 771 F.2d 194, 203–04 (7th Cir. 1985). In other words, the *Rodgers* court found that an initial amendment with leave of court

6

extinguished the plaintiff's right to amend as a matter of course later in the litigation. *See*, *e.g.*, *Davis v. Anderson*, CAUSE NO.: 2:16-CV-120-PPS-PRC, 2016 WL 5724470, at *1 (N.D. Ind. Sept. 30, 2016) (denying motion to reconsider court's order striking *sua sponte* the plaintiff's second amended complaint); *Hatcher v. Bd of Trs. of S. Ill. Univ.*, Case No. 13-CV-407-NJR-SCW, 2014 WL 5420206, at *2 (S.D. Ill. Oct. 24, 2014) (holding that the plaintiff could not file a second amended complaint as a matter of course after she filed a first amended complaint with the court's leave); *accord Swoope v. Gary Cmty. Sch. Corp.*, Civil No. 2:10 cv 423, 2013 WL 149588, at *1 (N.D. Ind. Jan. 14, 2013) ("[A] plaintiff uses up that right [to amend as a matter of course] when he first amends his complaint."). By analogy then, an amendment by consent of opposing parties—a clear alternative to leave of court under Rule 15(a)(2)—also extinguishes a party's right to amend once as a matter of course. Accordingly, Plaintiffs' Second Amended Complaint was improperly filed without leave of court[1] and is stricken.

    **B.**    **Motion to Amend** *Nunc Pro Tunc*

Apparently concerned that the Court might strike their Second Amended Complaint, Plaintiffs also filed their Motion to Amend seeking leave of court to file the same Second Amended Complaint *nunc pro tunc*. Plaintiffs presumably seek to correct their error in filing the Second Amended Complaint without leave of court. However, Plaintiffs ask for *nunc pro tunc* relief that is unavailable to them.

---

[1] Rowley White has argued that the Second Amended Complaint is futile in briefing both its Motion to Strike and Plaintiffs' Motion to Amend leading the Court to infer that Plaintiffs could not have secured consent of all opposing parties to file the Second Amended Complaint.

"*Nunc pro tunc*" literally means "now for then." *Nunc pro tunc*, BLACK'S LAW DICTIONARY (11th ed. 2019). A court issues a *nunc pro tunc* order to correct errors in its own records that "do not accurately reflect its action." *Kane v. Finance of Am. Reverse, LLC*, No. 1:17-cv-02266-JMS-TAB, 2018 WL 2001810, at *1 n.1 (S.D. Ind. Apr. 30, 2018) (quoting *Matter of Singson*, 41 F.3d 316, 318 (7th Cir. 1994)). Courts do not issue *nunc pro tunc* orders to correct a party's error. Therefore, Plaintiffs Motion to Amend could be denied based solely on their technical error in seeking unavailable relief.

However, this Court prefers to decide matters before it on the merits rather than upon a technicality. Accordingly, the Court will also consider whether granting Plaintiffs leave to file their Second Amended Complaint is warranted to propel this case forward consistent with the mandate of Fed. R. Civ. P. 1.

Whether to grant or deny leave to file an amended pleading is a decision that is squarely within the sound discretion of the district court. *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002) (citing *J.D. Marshall Int'l Inc. v. Redstart, Inc.*, 935 F.2d 815, 819 (7th Cir. 1991)). While leave to amend under Fed. R. Civ. P. 15(a)(2) should be "freely give[n] . . . when justice so requires," such leave is not granted automatically. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007); *see also Johnson v. Cypress Hill*, 641 F.3d 867, 872 (7th Cir. 2011). A court may deny leave to amend if there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of

8

amendment." *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n,* 377 F.3d 682, 687 (7th Cir. 2004) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

Substantively, Rowley White contends that Plaintiffs' Second Amended Complaint is futile arguing that it cannot resolve the personal jurisdiction question raised in its Motion to Dismiss. In support, Rowley White challenges whether Plaintiffs could satisfy the proper standard for personal jurisdiction with their Second Amended Complaint. While Plaintiffs disagree with Rowley White's analysis, they acknowledge that Rowley White might renew its motion to dismiss in response to the Second Amended Complaint. Based on all the filings currently before the Court, it seems inevitable that Rowley White would do just that if Plaintiffs' Second Amended Complaint is filed. Moreover, Nexus and Lint would likely refile their motion to dismiss for failure to state a claim because as Plaintiffs indicate, the Second Amended Complaint only amends allegations related Rowley White's personal jurisdiction and transfer issues.

As a result, granting Plaintiffs leave to file their Second Amended Complaint now would not propel this case forward efficiently. In fact, allowing the Second Amended Complaint to be filed would unduly delay resolution of the substantive issues raised in Defendants' motions to dismiss, which would not be changed by the Second Amended Complaint. Therefore, the Court will not grant Plaintiffs the leave they seek.

### C. Motion to Strike Memorandum in Opposition to Rowley White's Notice

Lacking a Second Amended Complaint, this case remains governed by Plaintiffs' First Amended Complaint, which has been challenged in Defendants' motions to dismiss. The only remaining filings pertaining to the motions to dismiss are Rowley White's Notice of No Objection and Plaintiffs' Memorandum in Opposition to that Notice. Plaintiffs had relied upon their Second Amended Complaint, filed on December 3, 2019, as a response to at least Rowley White's Motion to Dismiss. However, following Rowley White's Notice on December 9, 2019, which suggested that the Second Amended Complaint did not address the Alternative Motion to Transfer, Plaintiffs objected to the Notice by filing a Memorandum on December 10, 2019. In that Memorandum, Plaintiffs presented an argument in opposition to transfer based on their interpretation of the Notice as conceding that the Second Amended Complaint addressed the personal jurisdiction and improper venue issues raised in the primary Motion to Dismiss.

Any response to Defendants' motions to dismiss and Rowley White's Alternative Motion to Transfer were due on December 6, 2019. *See* N.D. Ind. L.R. 7-1(d)(2). Upon receipt of Rowley White's Notice after the response deadline, Plaintiffs filed a stray memorandum making arguments related to Rowley White's pending motion rather than filing a motion seeking leave to file a belated response. Plaintiffs ask the Court to find that excusable neglect justified their belated response.

Courts may extend deadlines that have expired upon a motion showing good cause and excusable neglect. Fed. R. Civ. P. 6(b)(1)(B); *see also Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014). The excusable neglect analysis

> is an equitable consideration, which should account for the circumstances surrounding the belated filing, including "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted within good faith."

*Evans v. Dart Transit Co.*, Cause No. 2:12-CV-186-JVB-PRC, 2014 WL 2340659, at *3 (N.D. Ind. May 14, 2015) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (citation omitted)).

Here, any neglect by Plaintiffs was not excusable. First, Plaintiffs' counsel, not Plaintiffs themselves, is responsible for all the improper or misguided filings in this case. Indeed, parties hire counsel to navigate the complex procedural issues involved in any legal proceeding. Second, Plaintiffs' counsel has practiced widely before this and other courts on similar product liability matters. With such extensive experience, Plaintiffs' counsel should have known that belated filings can only be filed upon motion and the requisite showings. *See* Fed. R. Civ. P. 6(b)(1)(B). Third, what appeared at the time to be a delay of only four days in addressing the transfer issue has turned into a delay of more than four months because of the effects of Plaintiffs' counsel's errors. Fourth, prejudice to Defendants has mounted in the last four months as they have not only incurred the unnecessary costs associated with all the filings before this Court, but also have been forced to wait for the pleadings in this case to be finalized.

11

In light of all these circumstances, progress has been unnecessarily and unreasonably slowed by Plaintiffs' counsel's procedural missteps, including the filing of a belated response to Rowley White's Alternative Motion to Transfer in the December 10th Memorandum. Accordingly, the Court finds that Plaintiffs' counsel's neglect was not excusable, and Plaintiffs' Memorandum should be stricken as untimely.

### III.   CONCLUSION

For the reasons discussed above, the Court now **GRANTS** Defendants' Motions to Strike. [DE 34 and DE 36]. Plaintiffs' Second Amended Complaint [DE 31] and Memorandum in Opposition to Rowley White's Notice [DE 33] are **STRICKEN**. In addition, the Court **DENIES** Plaintiffs' Motion for Leave to File Second Amended Complaint *Nunc Pro Tunc*. [DE 45].

Lastly, the Court **ADMONISHES** the parties and their attorneys to embrace more fully their obligations under Fed. R. Civ. P. 1 "to secure the just, speedy, and inexpensive determination of [this] action." The procedural chaos addressed in this Opinion and Order could have been avoided or mitigated had counsel taken time to facilitate more communication among themselves before filing motions willy-nilly. Moreover, this Court could have redirected the considerable energy spent untangling the needless issues raised here toward important substantive matters pending before it. Nor will this Court legitimize the parties' penchant for relying upon technicalities to decide this case. Future filings must comply fully with the Federal Rules of Civil Procedure and the Local Rules for the Northern District of Indiana or risk imposition of sanctions.

**SO ORDERED** this 28th day of April 2020.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge
