UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AILEEN ORMSBY *et al.*, | |
| Plaintiffs, | |
| v. | CAUSE NO. 3:19-CV-626 DRL-MGG |
| NEXUS RVS, LLC *et al.*, | |
| Defendant. | |

OPINION & ORDER

Aileen and George Ormsby visited Nexus RVs, LLC in Indiana to purchase a recreational vehicle. After finding one, Nexus arranged to sell the vehicle to a dealer (Rowley White RV, LLC) in Arizona, so that the Ormsbys could then move the vehicle to their storage facility in Nevada. The Ormsbys bought the vehicle from Rowley White in Arizona. Now they sue the dealer, manufacturer, and a regional sales manager (David Lint) for contract and fraud claims because of alleged defects in their vehicle. The defendants moved to dismiss; and, without response from the Ormsbys, the court grants and denies the motions in part. *See* N.D. Ind. L.R. 7-1(d)(5).

STANDARD

Under Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of demonstrating jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). A party may submit, and a court may consider, materials outside the pleadings in determining jurisdiction. *Id.* The court may weigh affidavits, exhibits, or other evidence submitted by the parties, but the court must construe all facts concerning jurisdiction in the non-movant's favor. *See id.; Charlesworth v. Marco Mfg. Co.,* 878 F. Supp. 1196, 1199 (N.D. Ind. 1995). When a district court rules on a defendant's motion to dismiss based only on the submission of written materials, the plaintiff need only establish a *prima facie* case of personal jurisdiction. *Purdue,* 338 F.3d at 782.

In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face and raise a right to relief above the speculative level. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's claim must be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

**A.      *This Court Lacks Personal Jurisdiction over Rowley White.***

The court has personal jurisdiction over a defendant to the same extent a state court in Indiana could exercise personal jurisdiction over that defendant. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014). Indiana's longarm statute extends to the limits of federal due process. *See id.*; *LinkAmerica Corp. v. Cox*, 857 N.E.2d 961, 967 (Ind. 2006). The court must thus determine only whether exercising jurisdiction over Rowley White comports with the limits of constitutional due process. *Walden v. Fiore*, 571 U.S. 277, 283 (2014); *Mobile Anesthesiologists Chi., LLC v. Anesthesia Associates of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010).

Under federal due process analysis, a company is subject to personal jurisdiction when it has minimum contacts with the state such that subjecting it to suit doesn't offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The court recognizes both general (sometimes called "all-purpose") jurisdiction and specific (sometimes called

2

"case-linked") jurisdiction. *Bristol-Myers Squibb Co. v. Superior Court,* 137 S. Ct. 1773, 1780 (2017) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919 (2011)). The court has neither here.

Specific jurisdiction over a defendant arises when a defendant "purposefully avails itself of the privilege of conducting activities with the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253 (1958). Specific jurisdiction focuses on the defendant's contacts with the forum state. *Advanced Tactical,* 751 F.3d at 801; *see also Walden,* 571 U.S. at 285 (analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there"). Although one purposeful act may support personal jurisdiction, *McGee v. International Life Ins. Co.*, 355 U.S. 220, 223 (1957), any contract that might do so cannot be insubstantial, and must "envision[] continuing and wide-reaching contacts in the forum State." *Walden,* 571 U.S. at 285 (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 479-480 (1985)). If a plaintiff fails to link the defendant's contacts with the forum state to the cause of action, specific jurisdiction isn't proper. *Advanced Tactical,* 751 F.3d at 801. Each defendant's contacts with the forum state must be assessed individually. *Rush v. Savchuk,* 444 U.S. 320, 332 (1980).

In their operative complaint, the Ormsbys allege that Rowley White dealt with Nexus "for the specific purpose of entering into a consumer transaction with Plaintiffs involving the same RV." Nexus contacted Rowley White for this case-linked purpose—not the other way around. Nexus sent the vehicle to Arizona. The final sale between the Ormsbys and Rowley White occurred in Arizona. As pleaded, this isn't enough for an Indiana court to exercise jurisdiction over an Arizona-based company. The Ormsbys don't plead or substantiate any other interaction or contacts between Rowley White and Indiana. The court lacks specific jurisdiction.

Rowley White's contacts with Indiana also don't permit general jurisdiction. The standard for general jurisdiction is more stringent. *Kipp v. Ski Enter. Corp.*, 783 F.3d 695, 698 (7th Cir. 2015). A court has general jurisdiction when the defendant's affiliations with the forum state are so continuous

and systematic as to render it essentially "at home" in the forum state. *BNSF Ry. v. Tyrrell,* 137 S.Ct. 1549, 1558-59 (2017); *Daimler AG v. Bauman,* 571 U.S. 117, 137 (2014); *Goodyear Dunlop Tires Opers., S.A.,* 564 U.S. at 919. A defendant is subject to general jurisdiction where it is incorporated or has its principal place of business, unless there are exceptional circumstances. *Daimler AG,* 571 U.S. at 137; *see also Perkins v. Benguet Consol. Mining Co.* 342 U.S. 437, 446-49 (1952) (Philippine corporation subject to general jurisdiction in Ohio when it conducted its administrative and management activities exclusively from that state); *Abelesz v. OTP Bank,* 692 F.3d 638, 654-655 (7th Cir. 2012) (*Perkins* case is best example of exceptional circumstances for general jurisdiction).

Rowley White is incorporated in Arizona and only located in Arizona. On this record, it doesn't have offices in Indiana and doesn't advertise or regularly conduct business in Indiana. Rowley White is a separate entity from Nexus (not its agent). There are no pleaded or proven facts that substantiate otherwise. Without an exceptional reason to consider Rowley White "at home" in Indiana, *see Daimler AG,* 571 U.S. at 137, the Ormsbys have not established general jurisdiction.

Because the court otherwise has jurisdiction over the other two defendants, just not jurisdiction over Rowley White, and because this is a proper venue for an action against them, *see* 28 U.S.C. § 1391(b)(2), the motion to dismiss Rowley White must be granted.

  B.  *Counts 1 and 2 Survive Because the Ormsbys Allege Privity with Nexus.*

Nexus argues that counts 1 and 2 of the operative complaint should be dismissed because there isn't privity between Nexus and the Ormsbys. Nexus cites Arizona law to show that privity of contract is required to maintain an action for breach of contract and warranty (both express and implied), along with a claim under the Arizona Consumer Fraud Act. *See Chaurasia v. GMC,* 126 P.3d 165, 171 (Ariz. Ct. App. 2006); *Samsel v. Allstate Ins. Co.,* 19 P.3d 621, 625 (Ariz. Ct. App. 2001); *Reger v. Arizona RV Centers, LLC,* No. 3:16-cv-778, 2017 WL 3593822, at 2 (N.D. Ind. Aug. 21, 2017).

4

But the Ormsbys pleaded privity with Nexus. They allege that they "decided to purchase the subject 2017 Nexus Bentley from Nexus and paid a $3,000 deposit to Nexus in Indiana." ECF 12 ¶ 18. Furthermore, "David Lint . . . recommended that [the Ormsbys] purchase the subject 2017 Nexus Bentley [and] [o]n behalf of Nexus RVs, [he] made representations of fact to [the Ormsbys] which became part of the basis of the bargain." *Id.* ¶ 16. These facts ring the contractual privity bell; the court must assume their truth at this stage.

Nexus cites *Sullivan v. Pulte Home Corp.*, 290 P.3d 446, 454 (Ariz. Ct. App. 2012), for the proposition that a subsequent purchaser has no private cause of action under the Arizona Consumer Fraud Act. That may be true, but the Ormsbys have alleged direct contractual relations with Nexus and a basis of the bargain established between them—which, if proven, would mean the Ormsbys weren't just a subsequent purchaser. For now, the court defers Nexus' undeveloped argument until summary judgment, and denies its motion to dismiss counts 1 and 2.

C.   *Count 3 Isn't Subsumed by the ACFA or Duplicative of Count 2.*

Nexus argues that count 3, sounding in common law fraud, simply restates count 2. In a footnote, Nexus cites two additional cases without any argument. The court won't construct arguments for Nexus. "Judges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir. 1999); *see also APS Sports Collectibles, Inc. v. Sports Time, Inc.*, 299 F.3d 624, 631 (7th Cir. 2002) ("not this court's responsibility to research and construct the parties' arguments, and conclusory analysis will be construed as waiver").

What's more, in addition to claims under the Arizona Consumer Fraud Act, the Arizona Supreme Court has recognized the tort of fraudulent concealment arising from certain transactions. *Wells Fargo Bank v. Ariz. Laborers, Teamsters and Cement Masons Local No. 395 Pension Trust Fund*, 38 P.3d 12, 34 (Ariz. 2002). Fraudulent concealment is "characterized by deceptive acts or contrivances intended to hide information, mislead, avoid suspicion, or prevent further inquiry into a material

matter." *Id.* at 69; *see also Sullivan v. Pulte Home Corp.*, 290 P.3d 446, 454 (Ariz. Ct. App. 2012). The claims under the ACPA (count 2) and common law fraud (count 2) would not then seem duplicative.

Furthermore, count 3 is brought against Nexus *and* Mr. Lint. Nowhere in Nexus' motion to dismiss does it explain why Mr. Lint should be dismissed. Count 2 was not alleged against Mr. Lint, thus illustrating that counts 2 and 3 aren't duplicative. The motion to dismiss must be denied.

## CONCLUSION

Having no personal jurisdiction over Rowley White, the court GRANTS Rowley White's motion to dismiss (ECF 29). The court DENIES the motion to dismiss as advanced by Nexus and David Lint (ECF 27). This case remains pending against Nexus and David Lint alone.

SO ORDERED.

April 28, 2020                               *s/ Damon R. Leichty*
                                             Judge, United States District Court