UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

AILEEN ORMSBY *et al.*,

             Plaintiffs,

    v.

NEXUS RVS, LLC *et al.*,

             Defendants.

CAUSE NO. 3:19-CV-626 DRL

OPINION AND ORDER

On January 24, 2024, the court awarded Nexus RVs, LLC and David Lint (together "Nexus") $80,891.29 under Arizona law for reasonable attorney fees incurred during the successful defense of contract claims brought by Aileen and George Ormsby and Two J's Enterprises LLC. *See Ormsby v. Nexus RVs, LLC*, 2024 U.S. Dist. LEXIS 13331 (N.D. Ind. Jan. 24, 2024). On February 9, Nexus asked for a supplemental award of attorney fees from the Ormsbys' appeal.[1] Despite receiving four extensions of time to respond, the plaintiffs have not responded. No one has said this was resolved, so the court rules.

Nexus requests $32,871.40 in fees incurred in the appeal under Arizona law through the vehicle of Federal Rule of Civil Procedure 54(d)(1). "In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." Ariz. Rev. Stat. § 12-341.01(A). This statute is equally applicable to fees incurred on appeal. *See N. Shore Condo. Ass'n v. Kwang*, 536 P.3d 820, 824 (Ariz. Ct. App. 2023). The appeal here largely sounded in contract and resolved in

---

[1] "A petition on entitlement to attorneys' fees for appellate work may be filed in either the district court or the court of appeals." *Jannotta v. Subway Sandwich Shops, Inc.*, 225 F.3d 815, 819-20 (7th Cir. 2000); *see also Zall v. Std. Ins. Co.*, 2023 U.S. Dist. LEXIS 176045, 10 (W.D. Wis. Sept. 29, 2023) (recognizing the same). As to timeliness, though no rule speaks to the deadline to file a request for fees incurred on appeal, that Nexus filed this supplemental motion sixteen days after the court ruled on the original fee request and less than a month after the appellate court certified its judgment shows the requisite diligence on Nexus's part. *See JCW Invs., Inc. v. Novelty, Inc.*, 509 F.3d 339, 341-42 (7th Cir. 2007) (Because neither Federal Rule of Appellate Procedure 39 nor Federal Rule of Civil Procedure 54 speak to fees incurred on appeal, a "general rule of diligence should govern.").

Nexus's favor. *See Ormsby v. Nexus RVs, LLC*, 2023 U.S. App. LEXIS 33698, 1-2 (7th Cir. Dec. 20, 2023) ("The issue in this appeal is whether Aileen and George Ormsby may assert various claims as the 'buyers' of a recreational vehicle . . . . We agree with the district court that the record indisputably shows that Two J's was the sole buyer"). That said, the appeal also concerned in a small measure the Ormsbys' fraud claims. *See id.* at 11-12 (affirming dismissal of the fraud claims). In keeping with the court's first fee ruling, an award of fees incurred on appeal at a ten percent reduction for the fraud claims is appropriate provided the fees are reasonable.

"[T]he number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate . . . is presumed to be the proper, reasonable fee." *Bogard v. Cannon & Wendt Elec. Co.*, 212 P.3d 17, 30 (Ariz. Ct. App. 2009) (citation and quotations omitted); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "Once a party establishes its entitlement to fees and meets the minimum requirements in its application and affidavit for fees, the burden shifts to the party opposing the fee award to demonstrate the impropriety or unreasonableness of the requested fees." *Nolan v. Starlight Pines Homeowners Ass'n*, 167 P.3d 1277, 1286 (Ariz. Ct. App. 2007). "The determination of what fee award is reasonable is also within the sound discretion of the trial court." *Smith v. Town of Marana*, 524 P.3d 254, 261 (Ariz. Ct. App. 2022). Arizona tracks federal law in these same respects.

Five attorneys and a paralegal worked on the appeal for Nexus, expending 146.7 actual hours (including 7.1 paralegal hours) on the appeal from March 31, 2023 to December 20, 2023 for a pre-adjusted bill of $36,966.50. The court previously approved the same rates for each attorney, and an appeal would present no less sophistication. The paralegal rate rose from $110 to $120 per hour, but this remains well in line with prevailing rates. One attorney submits an affidavit noting his experience practicing law in northern Indiana for over 22 years and his opinion that the rates charged by the firm are reasonable, customary, and in keeping with local practice [137-5 ¶¶ 5-6]. He further says the billed amount reflects necessary work for the appeal [*id.* ¶ 11]. This presider too is quite familiar with rates in this arena. These

hours and rates for experienced attorneys are reasonable, not least when Nexus won on appeal. By failing

to respond, the Ormsbys have not met their burden to rebut the reasonableness of these fees.

In a standard warranty case, it would be unusual to need five attorneys to defend an appeal,

though in fairness really only two attorneys billed the most hours to this appeal. Some in-process training

likely occurred with the objection to the motion to stay, which at two substantive pages took a more

unusual 7.5 hours to draft (not counting the time for prior research). Halving this at the primary drafter's

rate ($250 per hour) brings it more in line. Else Nexus has smartly reduced the overall bill with an eye

toward focus and efficiency to 131.47 (including 6.37 paralegal hours) for a total of $32,871.40—or an

effective blended rate of $250.03 per hour. That's a smart rate, and with the ten percent reduction

(because Arizona law only permits recovery on the contract-based claims) and the other last reduction,

the total and resulting effective rate become eminently reasonable. Indeed, the total would be well in the

ballpark of a reasonable cost for an appeal of this type. The court grants the fee request at $28,740.51,

though only against George and Aileen Ormsby, as Two J's did not join the appeal. *See Ormsby*, 2023 U.S.

App. LEXIS 33698 at 8 n.2.

CONCLUSION

Accordingly, the court GRANTS the motion for attorney fees [137] and ORDERS George and

Aileen Ormsby to pay Nexus $28,740.51 in additional attorney fees under Ariz. Rev. Stat. § 12-341.01.

SO ORDERED.

June 11, 2024                                    *s/ Damon R. Leichty*
                                                 Judge, United States District Court